# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL LOUIS VEGA, | CASE NO. 1:10-cv-01625-BAM PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| JHON CHOKATOS, et al., | (ECF No. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

**I.  Screening Requirement**

Plaintiff Angel Louis Vega ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is the complaint, filed September 9, 2010. (ECF No. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v.

Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).

## II.    Discussion

Plaintiff brings this action against Defendants Chokatos and Greene for deliberate indifference to serious medical needs seeking injunctive relief and damages.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096.

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond.  Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1018 (9th Cir. 2010).  "Deliberate indifference is a high legal standard."  Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference.  Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994).

Plaintiff's allegation that Defendant Greene took Plaintiff off pain medication without knowing how much pain Plaintiff was suffering fails to state a cognizable claim.  Absent knowledge that Plaintiff was suffering from pain, Defendant Greene could not be acting with deliberate indifference.

Additionally, Plaintiff fails to state a cognizable claim against Defendant Chokatos.  Although Plaintiff states that he saw Defendant Chokatos and explained to him that he has nerve damage in his arm, there are no factual allegations to indicate that Defendant Chokatos was personally involved in the removal of Plaintiff's pain medication or failed to treat Plaintiff's medical condition.  Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

1  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.
2  Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A]
3  complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short
4  of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949
5  (quoting Twombly, 550 U.S. at 557).  Further, although a court must accept as true all factual
6  allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.
7  Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by
8  mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

9  Plaintiff also alleges a claim for negligence, which the Court construes as a claim for medical
10 malpractice under California law. The California Tort Claims Act[1] requires that a tort claim against
11 a public entity or its employees be presented to the California Victim Compensation and Government
12 Claims Board, formerly known as the State Board of Control, no more than six months after the
13 cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2010).
14 Presentation of a written claim, and action on or rejection of the claim are conditions precedent to
15 suit. State v. Superior Court of Kings County (Bodde), 90 P.3d 116, 119 (Cal. 2004); Shirk v. Vista
16 Unified School District, 42 Cal.4th 201, 209 (2007).  To state a tort claim against a public employee,
17 a plaintiff must allege compliance with the California Tort Claims Act.  Cal. Gov't Code § 950.6;
18 Bodde, 90 P.3d at 123. "[F]ailure to allege facts demonstrating or excusing compliance with the
19 requirement subjects a compliant to general demurrer for failure to state a cause of action." Bodde,
20 90 P.3d at 120.  If Plaintiff chooses to amend his complaint he will need to allege facts sufficient to
21 show he has complied with the requirements of the California Tort Claim Act.

22 "The elements of a medical malpractice claim are (1) the duty of the professional to use such
23 skill, prudence, and diligence as other members of his profession commonly possess and exercise;
24 (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and
25 resulting injury; and (4) actual loss or damage resulting from the professional's negligence." Avivi

---

[1]2The Court recognizes that in City of Stockton v. Superior Court, 42 Cal.4th 730, 742 (Cal. 2007), California's Supreme Court adopted the practice of referring to California's Tort Claims Act as the Government Claims Act. However, given that the federal government has also enacted a Tort Claims Act, 28 U.S.C. § 2671, the Court here refers to the Government Claims Act as the California Tort Claims Act in an effort to avoid confusion.

v. Centro Medico Urgente Medical Center, 159 Cal.App.4th 463, 468, n.2 (Ct. App. 2008) (internal quotations and citation omitted); Johnson v. Superior Court, 143 Cal.App.4th 297, 305 (2006).

Plaintiff will be granted an opportunity to file an amended complaint to cure the deficiencies identified in this order. Plaintiff should carefully review the standards provided in this order and amend only those claims that he believes, in good faith, are cognizable.

**III.    Conclusion and Order**

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.    Plaintiff's complaint, filed September 9, 2010, is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **November 23, 2011**               /s/ **Barbara A. McAuliffe**
                                         UNITED STATES MAGISTRATE JUDGE