# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL LOUIS VEGA, | CASE NO. 1:10-cv-01625-BAM PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM |
| v. | |
| JHON CHOKATOS, et al., | (ECF No. 13) |
| Defendants. | THIRTY-DAY DEADLINE |

**I.   Screening Requirement**

Plaintiff Angel Louis Vega ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On November 28, 2011, an order issued dismissing Plaintiff's complaint, with leave to amend, for failure to state a cognizable claim. Currently before the Court is the first amended complaint, filed December 5, 2011.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

1

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).

## II.   Discussion

Although Plaintiff was previously informed of the standards that apply to his claims, the first amended complaint merely states that he is in pain and Defendants Greene and Chokatos are denying Plaintiff medical care because he asks for pain medication to no avail. Additionally, Plaintiff alleges he was without pain medication for one month.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."' Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. Plaintiff's allegation that he is in pain is insufficient to allege a serious medical need. Additionally, the factual allegations are insufficient to allege that Defendants Greene and Chokatos were aware of any serious medical need and failed to appropriately respond. Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1018 (9th Cir. 2010).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

1    Plaintiff attaches exhibits to his complaint and states that proof is attached. Any exhibits
2 attached to the complaint must be incorporated by reference. Fed. R. Civ. Pro. 10(c). Thus, any
3 exhibits attached to the amended complaint must be specifically referenced. For example, Plaintiff
4 must state "see Exhibit A" or something similar in order to direct the Court to the specific exhibit
5 Plaintiff is referencing. Further, if the exhibit consists of more than one page, Plaintiff must
6 reference the specific page of the exhibit (i.e. "See Exhibit A, page 3"). Plaintiff's amended
7 complaint fails to reference any exhibits and the Court will not wade through exhibits to determine
8 whether cognizable claims are or might be able to be stated.

9    For the reasons set forth Plaintiff has failed to state a cognizable claim for relief. Plaintiff
10 shall be given one final opportunity to file an amended complaint curing the deficiencies described
11 by the Court in this order. Plaintiff is directed to the order issued November 28, 2011, for the legal
12 standards that apply to his complaint.

13 **III.    Conclusion and Order**

14    For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for
15 a violation of his constitutional rights. Plaintiff is granted one final leave to file an amended
16 complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may
17 not change the nature of this suit by adding new, unrelated claims in his amended complaint. George
18 v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

19    Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each
20 named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,
21 Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the
22 duties and responsibilities of each individual defendant whose acts or omissions are alleged to have
23 caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although
24 accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the
25 speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

26    Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc.,
27 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must
28 be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All

3

causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's complaint, filed December 5, 2011, is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   December 13, 2011**          /s/ **Barbara A. McAuliffe**
                                       UNITED STATES MAGISTRATE JUDGE