# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL LOUIS VEGA,<br><br>             Plaintiff,<br><br>     v.<br><br>JHON CHOKATOS, et al.,<br><br>             Defendants.<br>_____/ | CASE NO. 1:10-cv-01625-BAM PC<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(G) |

**I.      Screening Requirement**

Plaintiff Angel Louis Vega ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On November 28, 2011, an order issued dismissing Plaintiff's complaint, with leave to amend, and on December 14, 2011, an order issued dismissing Plaintiff's first amended complaint, with leave to amend, for failure to state a claim.  Currently before the Court is the second amended complaint, filed December 20, 2011.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.    Discussion**

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at Pleasant Valley State Prison. Plaintiff alleges that he saw Defendant Greene because he was having pain in his left arm. Defendant Greene stated that he would prescribe pain medication and never did. Plaintiff saw Defendant Chokatos who "negated" the pain medication. Plaintiff was without medication for more than a month.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

Deliberate indifference is shown where the official is aware of a serious medical need and

fails to adequately respond. Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994).

"[T]he existence of an injury that a reasonable doctor would find important and worthy of comment or treatment, . . . the presence of a medical condition that significantly affects an individual's daily activities, and . . . the existence of chronic or substantial pain" are indications of a serious medical need. Doty v. County of Lassen, 37 F.3d 540, 546 n.3 (9th Cir. 1994) (citing McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). As Plaintiff was informed in the order issued December 14, 2011, his statement that he had pain in his left arm is insufficient to allege a serious medical need. Even assuming *arguendo* that Plaintiff would be able to allege facts to show that he had a serious medical need, Plaintiff fails to plead facts to meet the subjective component of deliberate indifference.

Plaintiff alleges that Defendant Greene told him that he would prescribe pain medication and then did not. The facts as stated fall short of stating a plausible claim that Defendant Greene acted with deliberate indifference in failing to prescribe pain medication to Plaintiff. At the very least it is equally plausible that Defendant Greene was negligent, which does not state a constitutional claim. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980); Toguchi, 391 F.3d at 1057. While the Court is mindful that this is the pleading stage, the mere possibility that misconduct occurred is insufficient to support a claim. Additionally, Plaintiff statement that Defendant Chokatos "negated" the pain medication is vague and fails to adequately state facts to support a claim.

Finally, while Plaintiff alleges that he was without medication for more than a month it is unclear when this occurred. If the lack of medication was during the period of time between Plaintiff's visit with Defendant Greene and follow-up with Defendant Chokatos, then there is no knowing deprivation as Plaintiff has not alleged that he informed any defendant that he did not receive his medication during this time period. In the alternative, if Plaintiff is attempting to allege

a deprivation during a different period of time he has not set forth sufficient factual allegations to link any named defendant to the deprivation of medication. Jones, 297 F.3d at 934.

### IV. Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith, 203 F.3d at 1130 (internal citations omitted). However, in this action Plaintiff has been granted two opportunities to amend the complaint, with guidance by the Court. Plaintiff has now filed three complaints without alleging facts against any of the defendants sufficient to state a claim under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is HEREBY DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under section 1983 and the Clerk's Office shall enter judgment. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   **January 1, 2012**                          **/s/ Barbara A. McAuliffe**
                                            UNITED STATES MAGISTRATE JUDGE